UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | E. D. Mo. No. 4:17 MJ 407 DDN |
| | ) | D. Neb.   No. 4:17 MJ 3157 |
| TAYLOR MICHAEL WILSON, | ) | |
| | ) | |
| Defendant. | ) | |

**DETENTION ORDER
AND
ORDER OF TRANSFER OF DEFENDANT TO
DISTRICT OF NEBRASKA**

On December 28, 2017, defendant TAYLOR MICHAEL WILSON came before the court with counsel for a detention hearing and for proceedings under Federal Rules of Criminal Procedure 5(c)(3) and 5.1 on an arrest warrant issued by the United States District Court for the District of Nebraska in Case No. 4:17 MJ 3157, based upon a complaint.

In the complaint, defendant Wilson is charged with attempting to and threatening to wreck an Amtrak train carrying passengers and employees as it traveled from California to Missouri, in violation of 18 U.S.C. § 1992(a)(1) and (b)(1), the offense occurring on October 22, 2017. The potential maximum statutory penalty upon conviction includes imprisonment for life. *See* 18 U.S.C. § 1992(b)(1).

The facts set forth in the complaint affidavit indicate that defendant had great potential and the inclination to cause great harm to persons on the train and perhaps others in a nearby community if the train had actually wrecked. The complaint states that on October 22, 2017, in the incident alleged in the federal complaint, defendant was arrested by the Furnas County, Nebraska, Sheriff's Office and charged in Nebraska state court with violations of Nebraska law, *i.e.*, felony criminal mischief and use of a deadly weapon to commit a felony. In that state court case on December 11, 2017, defendant was released on a financially substantial, partially secured, appearance bond. Defendant Wilson after his release returned to his residence with his parents in the Eastern District of Missouri. On December 21, 2017, a federal search warrant was executed for this residence. In the search many firearms, much ammunition, and related accessories were found secreted in a hidden compartment in a wall of the residence.

Investigators believe it possible that at least one of the firearms may be an illegal short-barrel rifle.

At the December 28, 2017, hearing defendant with the advice of counsel orally advised the court that he did not contest that he is the person charged in the complaint.  F. R. Crim. P. 5(c)(3)(D).  Also, defendant Wilson requested that he be released upon an appearance bond so that he could appear voluntarily for further proceedings in the District of Nebraska.  The government opposed the request.  A detention hearing was then held.

The Bail Reform Act places upon the government a substantial burden of proof regarding whether a person should be detained.

> Only if the government shows by clear and convincing evidence that no release condition or set of conditions will *reasonably assure* the safety of the community and by a preponderance of the evidence that no condition or set of conditions under subsection (c) [of 18 U.S.C. § 3142] will *reasonably assure* the defendant's appearance can a defendant be detained before trial.

*United States v. Kisling*, 334 F.3d 734, 735 (8th Cir. 2003) (quoting *United States v. Orta*, 760 F.2d 887, 891 & n. 20 (8th Cir. 1985) (en banc)).

However, this case qualifies for consideration of a rebuttable presumption that indicates the seriousness Congress has given to the offense charged in the complaint.  The Bail Reform Act provides:

> Subject to rebuttal by a defendant, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense . . . listed in section 2332b(g)(5)(B) of title 18, United States Code, for which a maximum term of imprisonment of 10 years or more is prescribed.

18 U.S.C. § 3142(e)(3)(C).  Such is this case, because § 2332b(g)(5)(B) includes § 1992, which is charged in the complaint and carries a potential penalty of imprisonment for life.

In response to the presumption, the burden would be upon defendant to produce some evidence that there are conditions of release which will reasonably assure that he will not pose a danger to the community and will not flee.  *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).  If the defendant produces such evidence, the statutory presumption does not entirely disappear.  Rather, the Court must consider Congress's consideration that defendants charged with violating § 1992 pose special risks of flight and a danger to the community.  Throughout all,

the government retains the burden of proof described above.  *Id.*  And the defendant retains the constitutional presumption of innocence.  18 U.S.C. § 3142(j).

In deciding the issue of detention or release generally, the rules of evidence are not strictly applied and the Court may consider unsworn proffers of information.  *See* 18 U.S.C. § 3142(f); *United States v. Salerno*, 481 U.S. 739, 751 (1987) (the parties may "present information by proffer or otherwise"); *United States v. Agriprocessors, Inc.*, 2009 WL 290473 at *5 (N.D. Iowa 2009).  The factors to be considered by the Court include the nature and circumstances of the offense(s) alleged, the weight of the evidence against the defendant, his history and personal background, whether at the time of the offense he was subject to release supervision, and whether the release of the defendant would pose a serious danger to any person or the community.  18 U.S.C. § 3142(g).

During the detention hearing, neither the government nor the defendant disputed the facts set forth in the written report of the Pretrial Services Officer (Doc. 4).  Therefore, the court hereby adopts and incorporates by reference into this detention order the facts set forth in the pretrial services report.

Upon this record, including the statements of counsel, the court finds by clear and convincing evidence that the release of defendant TAYLOR MICHAEL WILSON upon his own recognizance, an unsecured appearance bond, or any condition or combination of conditions of release will not reasonably assure that defendant will appear in court as required and will not endanger the community.  18 U.S.C. § 3142(b), (c).  Defendant Wilson is 26 years of age; he has a history of mental health concerns, including counseling shortly before his recent arrest in this district; when arrested on board the Amtrak train he possessed a fully loaded .38 caliber handgun in his waistband; he has traveled outside the United States; and he has a history of illicit drug usage.

Therefore,

**IT IS HEREBY ORDERED** that defendant TAYLOR MICHAEL WILSON appear before the United States District Court for the District of Nebraska for further proceedings in this action.

**IT IS FURTHER ORDERED** that defendant TAYLOR MICHAEL WILSON be detained in the custody of the United States Marshals Service pending further order.

**IT IS FURTHER ORDERED** that United States Marshals Service transport defendant in custody to the United States District Court for the District of Nebraska for further proceedings in this case.

**IT IS FURTHER ORDERED** that the Clerk of this Court transmit the file of this matter to the Clerk of the United States District Court for the District of Nebraska.


_____/S/   David D. Noce_____

**UNITED STATES MAGISTRATE JUDGE**


Signed on January 2, 2018.