UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TAYLOR MICHAEL WILSON, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:17 MJ 407 DDN |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER AND RECOMMENDATION**

This matter is before the Court on the *pro se* motion of Taylor Michael Wilson for the return of seized property under Federal Rule of Criminal Procedure Rule 41(g).  (Doc. 10.) The government has responded in opposition. (Doc. 13.)  For the reasons set forth below, the undersigned recommends that the motion be denied.

**BACKGROUND**

The criminal prosecution of defendant Taylor Michael Wilson began with his arrest by the Furnas County, Nebraska, Sheriff's Office on October 22, 2017.  Wilson had been riding an Amtrak train through Nebraska from California to Missouri, when he breached a secure area of the train and caused its emergency stop.  Wilson was restrained by train personnel until law enforcement arrived and arrested him.  From his person were seized a loaded .38 caliber handgun and a speed loader magazine.  From his luggage were seized additional speed loader magazines, .38 caliber ammunition, a hammer, a fixed blade knife, tin snips, scissors, a tape measure, and a respirator-type 3M mask.  Wilson was charged by Nebraska state authorities with use of a deadly weapon to commit a felony and felony criminal mischief.  On December 11, 2017, he was released on a substantial appearance bond; he returned to Missouri to reside with his parents in St. Charles.

On December 13, 2017, Magistrate Judge Noelle C. Collins of this Court issued to the Federal Bureau of Investigation a search warrant for 210 Reservoir Avenue in St. Charles, Missouri.  *See* Case No. 4:17 MJ 3318 NCC, Doc. 2.  The supporting affidavit described 201

Reservoir as the residence of Wilson and his cousin; this residence was owned by Wilson's mother. *Id.*, Doc. 1 at 6-7.

The warrant for 201 Reservoir was executed on December 21, 2017. From this residence, agents found and seized from a hidden compartment 33 categories of items that included the following:

a)   a tactical vest,
b)   11 loaded AR-15 rifle ammunition magazines,
c)   a drum-style large capacity rifle magazine,
d)   tactical accessory lights for firearms,
e)   100 rounds of .9mm ammunition,
f)   840 rounds of 5.45x39 rifle ammunition,
g)   white racial supremacy documents and paperwork,
h)   a copy of Hitler's *Mein Kampf*,
i)   gunpowder,
k)   ammunition reloading supplies,
l)   a pressure plate switch of an improvised explosive device, and
m)   a shield bearing the image of a swastika.

*See* No. 4:17 MJ 3318, Doc. 5-1 (Return filed December 29, 2017); 4:17 MJ 407, Doc. 13 at 1-2. Wilson was not present when the search warrant was executed.

Also on December 21, 2017, Wilson's father turned over to the agents 16 other items of substantial firearms, ammunition, and related accessories. *See* 4:17 MJ 407, Doc. 13 at 2.)

On December 22, 2017, Wilson was charged by a criminal complaint filed in the United States District Court for the District of Nebraska, in Case No. 4:17 MJ 3157, with attempting to and threatening to wreck an Amtrak train carrying passengers and employees as it traveled from California to Missouri on October 22, 2017, in violation of 18 U.S.C. § 1992(a)(1)(d) and (b)(1),

On December 23, 2017, Wilson was arrested on the Nebraska federal complaint in the Eastern District of Missouri. On the day of his arrest, Wilson appeared before the undersigned Magistrate Judge for an initial appearance under Federal Rule of Criminal Procedure 5(c). The Federal Public Defender was appointed for defendant.

On December 28, 2017, a detention hearing and a hearing regarding his transfer to the District of Nebraska for further proceedings on the complaint were held. On January 2, 2018, this

Court issued its Detention Order and an Order transferring defendant Wilson to the United States District Court for the District of Nebraska.

On January 17, 2018, Wilson was indicted by a federal grand jury in Nebraska and charged with terrorism attacks and other violence against railroad carriers and mass transportation systems, for his conduct on the Amtrak train on October 22, 2017, in violation of 18 U.S.C. § 1992. *See* District of Nebraska Case No. 4:18 CR 3005 ("Terrorism Case").

On February 1, 2018, Wilson was indicted in the United States District Court for the Eastern District of Missouri for violations of 26 U.S.C. § 5871(d) and 18 U.S.C. §§ 922(k). *See* Eastern District of Missouri Case No. 4:18 CR 90 RWS (the "Gun Case"). These charges were related to the firearms seized by the FBI in this judicial district in December 2017. This case was transferred to the District of Nebraska pursuant to Fed. R. Crim. P. Rule 20 and became District of Nebraska Case No. 4:18 CR 3074.

On July 12, 2018, in the District of Nebraska, Wilson pled guilty in both the Nebraska Terrorism Case and the Missouri Gun Case. On October 9, 2018, he was sentenced to 120 months imprisonment on the Gun Case and 168 months imprisonment on the Terrorism Case, each to run concurrently with the other.

On June 29, 2018, in the Nebraska District Court, in both the Terrorism Case and the Gun Case, Wilson filed a *pro se* motion for the release of 82 items of his property that had been seized. Ultimately, the Nebraska District Court denied the motion because, based on the government's response, all the items were seized in the Eastern District of Missouri. That Court concluded, under Federal Rule of Criminal Procedure 41(g)(1), that the Eastern District of Missouri was the proper venue for the motion. *See* F. R. Crim. P. 41(g) ("The motion must be filed in the district where the property was seized.")

### The Rule 41(g) Motion

In this Court on November 12, 2020, Wilson filed his *pro se* Motion for Return of Seized Property Pursuant to Federal Rule of Criminal Procedure 41(g). In the motion he seeks an order for the delivery to his mother of "the eighty (80) items that were seized by the government." (E. D. Mo. No. 4:17 MJ 407, Doc. 10 at 1). He alleges he is lawfully entitled to the property and he wants to convey an "equitable interest" in it to his mother. He states that, with the property in his

mother's hands, he would not be in control of it.  Wilson seeks monetary compensation for any of the seized property that has been destroyed.  (*Id.* at 2.)

Attached to his motion is a list of 82 items that were seized by law enforcement (*Id.,* Doc. 10-1, Ex. A).  Items 2 - 9 and 82 were seized by the Furnas County, Nebraska, Sheriff's Office in the District of Nebraska; and Items 10 – 81 were seized by FBI agents in the Eastern District of Missouri. (*Id.,* Doc. 13 at 4.) [1]

Also attached to the motion is an FD-1119 form, Federal Bureau of Investigation Waiver of Ownership of Property.  The form is partially filled out purportedly for Wilson to sign.  The form provides information about how to go about claiming the subject property.  On this form, Wilson appears to have handwritten, "I do not waive my rights, title or interest in the property." Next to this sentence appears a handwritten signature of movant Taylor Michael Wilson and the words "without recourse."  (*Id.,* Doc. 10-2, Ex. B).

Also attached to the motion is a short letter written to the FBI office in St. Louis.  The letter contains the following language:

> Per 41 C.F.R. Section 128-48.503, I Taylor Michael Wilson <u>DO NOT</u> waive ownership of the property seized from my residence at 210 Reservoir, St. Charles MO on December 21, 2017.  Collected from Michael David Wilson on December 21, 2017 or seized from my person in Furnas County Nebraska on Oct. 21 2017.
>
> Furthermore such items listed in the below attachment(s) should be released to: Ann S. Wilson [stating her address and telephone number].

The letter bears the typewritten signature of movant Wilson.  (*Id.,* Doc. 10-3, Ex. C.)

On November 17, 2020, Wilson's mother filed an affidavit in support of the motion. (*Id.,* Doc. 12).  In it she states her intent is to assure the Court that when the guns and firearms are transferred to her they will be put in her locked gun safe to which her son, the movant, does not have a key or a combination; that the seized items will not be returned to movant at any time; that allowing him access to the items would be unlawful; that she may sell the items; and that she takes full responsibility for the items.  Mrs. Wilson signed the document under penalty of perjury and her signature is notarized.  (*Id.*)

---

[1] All 82 items listed in the attachment to Wilson's motion are in the custody of the FBI and none have been destroyed. (*Id*. at 5.)

## DISCUSSION

Movant Wilson requests that this Court "convey equitable interest" in the seized items to his mother, Ann Wilson. (*Id.,* Doc. 10 at 1.) Respondent United States argues Wilson is not entitled to the return of the seized property because in his guilty pleas he gave up all property interest in any of the seized property. (*Id.,* Doc. 13 at 7.) Respondent further argues that Wilson, by filing this Rule 41(g) motion, has violated the terms of his guilty plea agreement. (*Id.* at 10.)

Federal Rule of Criminal Procedure 41(g) states:

MOTION TO RETURN PROPERTY. A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

A post-conviction motion for return of seized property is a civil, equitable action that is governed by the Federal Rules of Civil Procedure. *See Thompson v. Covington*, 47 F.3d 974, 975 (8th Cir. 1995); *Ball v. United States*, 193 F.3d 998, 999 (8th Cir. 1999). In deciding the motion, the Court must determine "all the equitable considerations in order to make a fair and just decision." *United States v. Howell*, 425 F.3d 971, 974 (11th Cir. 2005). Movant Wilson must establish lawful entitlement to the property, and the Court must afford him the opportunity to do so (which might not require an evidentiary hearing), at which point the government must establish a legitimate reason to retain it. *See Jackson v. United States*, 526 F.3d 394, 396 (8th Cir. 2008). The government's legitimate reason to retain the property may be satisfied by showing a cognizable claim of ownership or right to possession adverse to the movant's." *Id.* at 397.

"Generally, a Rule 41([g]) motion is properly denied if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture or the government's need for the property as evidence continues." *United States v. Vanhorn*, 296 F.3d 713, 719 (8th Cir. 2002). Additionally, Rule 41(g) contemplates that the court will receive evidence on any factual issue, but an evidentiary hearing is not necessary where "it is apparent that the person seeking return of the property is not lawfully entitled to own or possess the property." *United States v. Felici*, 208 F.3d 667, 670 (8th Cir. 2000).

Here, the undersigned concludes from the unopposed record that movant Taylor Wilson, based on his guilty pleas in the Terrorism Case and in the Gun Case is not entitled to possession of the seized property because as part of his guilty pleas, he disclaimed all property interest in the items.

On July 12, 2018, in the Nebraska federal court, he pled guilty in both the Terrorism Case and the Gun Case.[2] His pleas included him signing a written plea agreement in each case. The written guilty plea agreement in the Nebraska Terrorism Case states that that plea agreement "is part of a 'package' disposition" wherein movant was required to plead guilty in the Missouri Gun Case, and further states: "[Movant] expressly acknowledges his understanding that the disposition contemplated by this agreement is part of a 'package' disposition with the United States Attorney's Office for the Eastern District of Missouri wherein the obligations of the United States under the [Gun Case plea agreement] are conditioned on the performance by [movant] of his obligations under the [Terrorism Case] agreement." *See* D. Neb. Case No. 18 CR 3005, Doc. 27 at 1-2.

In his written plea agreement in the Missouri Gun Case, Wilson agreed to forfeit all his interest in the following 16 listed firearms:

(1) a CZ (Ceska Zbrojovka) Model: Scorpion EVO 3 Sl 9 mm,
(2) a Glock GMBH, model 19 SN PYZ556,
(3) an Auto Ordinance Model 1911 Al, .45 caliber, SN AOA13084,
(4) a Remington Arms 11-87 Super magnum Shotgun, SN SM034756,
(5) a Ruger Model 10/22 SN 356-41240,
(6) a Waffen Weeks AK-47 SN WWl 1417,
(7) a CMMG Inc. Model: MOD4 SA, 223 caliber, SN A-6663,
(8) a 7.62x25mm Tokarev caliber Pioneer Arms Corp; model PPS43-C submachine-gun [with] No serial number,
(9) a Glenfield Model 75 with scope SN 70188276,
(10) a Marlin Model 75 22 caliber, SN 70188276,
(11) a Intratec 9mm Luger Model Tec-DC9 with barrel extension, SN D083496,
(12) a Waffenfabrik mauser Model: C96, 763 caliber, SN 39699 with a bipod,
(13) Mossberg Model: Trophy Hunter, 30-06, SN BS+A314639,
(14) a Walther P38 - serial# 082924
(15) a Traditions Inc, 50 caliber rifle, SN 237594, [and]
(16) a Winchester shotgun, SN 401554.

"and any other firearms seized on December 22, 2017, as well as any body armor and ballistic materials, ammunition, and firearms magazines." *See* D. Neb. Case No. 4:18 CR 3074, Doc. 9 at

---

[2] Wilson has not opposed or objected to the provisions of his guilty pleas described by the government in its response to his motion.

2-3.  In that agreement, Wilson also agreed to forfeit all of his "interest in all items seized by law enforcement officials during the course of their investigation," he admitted that all the seized property during the investigation were proceeds of his illegal activity, and he agreed to "execute any documents and take all steps needed to transfer title or ownership of said items to the government." *Id*. at 11.  Finally, he agreed that these items may be disposed of by law enforcement officials in any manner.  *Id.* at 12.

Wilson personally signed each written plea agreement on July 10, 2018.  *See* D. Neb. Case No. 4:18 CR 3074, Doc. 15 at 11 (Transcript of Guilty Plea Hearing).

On July 12, 2018, in a joint hearing in both the Terrorism Case and the Gun Case, Wilson appeared in the Nebraska District Court before United States Magistrate Judge Cheryl R. Zwart and orally entered his guilty pleas.  During the hearing Wilson affirmed that he had reviewed with his attorney the petition to plead guilty and he had read and reviewed with his attorney the two written plea agreements, that his attorney explained both agreements to him, that he had no questions regarding them, that he signed them, and that he was not under the influence of alcohol or drugs when he did so.  *Id.* at 11-13.   At the plea hearing, the Assistant United States Attorney reviewed the plea agreement and told movant:

> You have also agreed to forfeit to the United States a list of property which is laid out in that [plea] agreement. The first eight items are all weapons that are described by serial number, make and model. And then beginning with items 9 through 16, these are items that they identified that were seized but the serial numbers had either been removed or altered, and all of these firearms were seized on December 22nd, 2017, and the forfeiture also includes body armor and ballistic materials, ammunition and firearms magazines.

*Id*. at 23.  The federal prosecutor stated further, "the forfeiture items that we outlined earlier, that you are agreeing you will waive your interest in those items seized by law enforcement over the course of the investigation." *Id*. at 25.  Finally, the Court asked movant, "Mr. Wilson, did you listen as [the prosecutor] described that agreement?" *Id*. at 26.  Movant  replied "Yes." *Id*.  The Court then asked, "Does [the prosecutor's] description match your understanding of your agreement out of Missouri?" *Id*.  Movant replied "Yes." *Id*.

Therefore, the relevant record is clear that, as a condition of his plea in the Missouri Gun Case, movant Wilson expressly disclaimed his ownership and interest in the seized property he now wishes to have delivered to his mother.

In consequence, the undersigned finds that movant Wilson, following his guilty pleas, has no interest in any of the property seized during the investigation. *United States v. Rhodes*, No. 4:02 CR 527 (JCH), 2007 WL 2735559, at *2 (E.D. Mo. Sept. 18, 2007) (denying Rule 41(g) motion where in plea agreement defendant agreed to forfeit his interest in all items seized by law enforcement officials during the course of their investigation even where the property was not listed in a forfeiture order); *see also United States v. Kirlin*, 720 F. App'x 812, 813 (8th Cir. 2018) (upholding denial of Rule 41(g) motion where defendant agreed to the forfeiture of items even though they were not later included in a forfeiture order); *United States v. Prat*, 584 F. App'x 921, 924 (11th Cir. 2014) (no property interest where movant voluntarily pled guilty and explicitly affirmed that he was relinquishing any interest in the properties); *United States v. Entzminger*, 677 F. App'x 393, 394 (9th Cir. 2017) (movant having agreed in his written plea agreement that the property at issue was subject to forfeiture, he is not entitled to its return).

Wilson argues that the property should be transferred to his mother. In support of his argument, he cites *Henderson v. United States*, 135 S. Ct. 1780 (2015), arguing that he is entitled to the return of the seized property because he would not be in control of it at any time. *Henderson* provides no authority for the proposition Wilson argues. In *Henderson*, a United States Border Patrol agent was charged with drug offenses and was required to surrender his firearms as a condition of his release on bond. *Id*. at 1784. Henderson pled guilty to certain drug offenses, but the plea agreement made no mention of the firearms or otherwise confirmed Henderson's rights with respect to the surrendered firearms. When Henderson later sought return of the firearms, to a third-party designee, through a Rule 41(g) motion, the district court refused to order it because, as a convicted felon, he could not possess firearms pursuant to 18 U.S.C. § 922(g). The Supreme Court found that a convicted felon may be entitled to have seized, non-forfeited firearms transferred to a third-party designee, provided the court is satisfied that the designee will not allow the felon to exercise constructive possession by having access to the firearm or directing its use. *Henderson*, 135 S. Ct. at 1784.

*Henderson* is distinguishable from Wilson's case because Henderson had not already disclaimed his interest in the seized property as part of a plea agreement, as movant Wilson had. Wilson cannot rely on *Henderson* to claim or to require the transfer of property that no longer belongs to him.

In this case, Wilson is bound by the terms of his plea agreements with the United States. *United States v. Masilotti*, 965 F. Supp. 2d 1380, 1385 (S.D. Fla. 2013) ("A party cannot accept the benefits of an agreement, in whole or in part, and then renege by contesting the forfeiture which was part of the bargain"), aff'd, 565 F. App'x. 837 (11th Cir. 2014); *United States v. Droganes*, 893 F. Supp. 2d 855, 867–68 (E.D. Ky. 2012) (when defendant agreed to forfeit all fireworks that ATF determined to be of a certain type, he waived his right to challenge ATF's finding and is bound by his agreement).

Following Wilson's convictions, as described above, the FBI initiated administrative abandonment proceedings for the seized property. This included sending notice and a waiver form to Wilson for him to sign. *See* FD-1119 form described above on page 4. As part of his guilty plea in the Missouri Gun Case Wilson promised to "execute any documents and take all steps needed to transfer title or ownership of [seized items]." In filing this motion for Rule 41(g) relief and by failing to sign the proffered FD-1119 form, movant Wilson failed to honor that agreement.

## CONCLUSION

For these reasons,

**IT IS HEREBY ORDERED** that the Clerk of Court assign this action to a District Judge by the random selection process.

**IT IS HEREBY RECOMMENDED** that the *pro se* motion of Taylor Michael Wilson for the return of seized property under Federal Rule of Criminal Procedure 41(g) (Doc. 10) **be denied**.

The parties are advised they have 14 days in which to file written objections to this Order and Recommendation. The failure to file a timely objection may waive the right to appeal issues of fact.

                                                         /s/   David D. Noce
                                         **UNITED STATES MAGISTRATE JUDGE**

Signed on August 27, 2021.